FILED
CLERK U S DISTRICT COURT
MAR 22 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

Priority
Send
Enter
Closed
JS-5/JS-6
JS-2/JS-3
Scan Only

ENTERED
CLERK, U.S. DISTRICT COURT
MAR 22 2006
CENTRAL DISTRICT OF CALIFORNIA
BY                      DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| ARLENE SAHAI, | CV 03-4261-RSWL (VBKx) |
| Plaintiff, | **FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| v. | |
| ALLIANT INTERNATIONAL UNIVERSITY, | |
| Defendant. | |

Plaintiff Arlene Sahai's ("Plaintiff" or "Sahai") Second Claim for equitable relief under Title III of the Americans With Disabilities Act was tried by this Court concurrent with the jury trial in this matter. Having considered the evidence presented at trial, the Court now makes the following findings of fact and conclusions of law:

THIS CONSTITUTES NOTICE OF ENTRY
AS REQUIRED BY FRCP, RULE 77(d)

1



# FINDINGS OF FACT

1. Defendant Alliant International University operates a university campus at 1000 S. Freemont Street in the city of Alhambra, California.

2. Defendant is a recipient of Federal Financial Assistance.

3. Defendant is a post-secondary educational institution that offers awards a Ph.D. in the field of psychology.

4. Plaintiff Arlene Sahai was admitted to the Ph.D. program at Defendant University and 1999 and began her course work in the fall of that year.

5. Plaintiff's academic performance failed to meet the standards established by Defendant University and Plaintiff was placed on academic probation on February 20, 2001.

6. After being placed on academic probation, Plaintiff's academic performance still failed to meet the University's standards and Plaintiff was placed on administrative suspension on March 27, 2002.

7. On May 29, 2002, Plaintiff was notified that she was terminated from the Ph.D. program at Defendant University.

8. The Plaintiff's testimony that she made numerous requests to the University for the accommodation of a disability is not credible.

9. The testimony from University employees that

Plaintiff never submitted a request for accommodation of a disability is credible.

10. Plaintiff did not inform Defendant University that she was disabled nor did she make a request that Defendant provide an accommodation for any disability.

11. Plaintiff claims to suffer from ADHD, depression, anxiety, diabetes, and a non-specific learning disability.

12. Plaintiff's claimed impairments do not make it more difficult for her to read, write, remember, or learn those things that are essential for daily living.

13. None of the aforementioned physical impairments that Plaintiff claims to suffer from substantially limits her ability to perform major life activities.

14. The nature of Plaintiff's claimed impairments are not such that the Defendant University knew or should have known that Plaintiff required any accommodation.

15. Plaintiff was dismissed from Defendant University due to her lacking academic performance, not due to any disability.

16. Any findings of fact that are more appropriately considered conclusions of law shall be deemed as such.

### CONCLUSIONS OF LAW

1. Plaintiff is not "disabled" within the meaning of the Americans With Disabilities Act because none of her physical impairments substantially limit one or more major

life activities.

2. Because Plaintiff is not "disabled" within the meaning of the Americans With Disabilities Act, the University did not have a duty to provide Plaintiff with a reasonable accommodation.

3. Defendant also had no duty to provide a reasonable accommodation because Plaintiff did not inform Defendant that she was in need of an accommodation, nor did the defendant know or have reason to know that an accommodation was required.

4. Defendant has not violated the Americans With Disabilities Act.

5. Given the totality of the facts in this case, the Plaintiff's action was frivolous and lacking in foundation.

6. Defendant may recover its costs of suit exclusive of attorney's fees.

RONALD S.W. LEW

_____
**RONALD S.W. LEW**
United States District Judge

DATED: March 21, 2006

(Orders\SahaiFindings.wpd)